# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

EDWARD T. APPELL, *et al.* Defendants in Error, *vs.* LOUIS
APPELL, *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1908.*

1. TRUSTS—*when an alleged declaration of trust will not be enforced.* An alleged "declaration of trust," executed by the grantee in a deed absolute in form but intended to be in trust for the grantee and his brothers and sisters, will not be enforced unless signed by all of the beneficiaries, where the agreement was intended to cover the entire interest in the premises and cannot be carried into practical effect unless assented to by all the beneficiaries, and where the assent of those who signed was obtained upon the condition that all should sign.

2. INFANTS—*court cannot compel minor to exchange legacy for real estate.* Where a father deeds land to his children, who release to him their interest in a certain legacy, if one of the children is a minor the court may, through a guardian *ad litem,* acquire jurisdiction of the person of the minor for the purpose of a partition, but it can enter no decree which will bind the minor to accept the interest in the land for her interest in the legacy.

3. PARTITION—*court should not decree partition in disregard of right to lien.* In a proceeding to partition a farm conveyed by a father to one child in trust for all of the children, it is error to enter a decree for partition without regard to the right of the father to a lien upon the land for a certain sum covering the value of the personal property, which the evidence clearly shows was a part of the agreement of the parties when the deed was made.

WRIT OF ERROR to the Circuit Court of Lake county;
the Hon. C. H. DONNELLY, Judge, presiding.

This is a writ of error sued out to bring up for review a decree of the circuit court of Lake county entered in that court upon a bill for partition and other relief. The original bill was filed by Edward T. Appell and his sister, Mazie C. Appell, against Louis Appell, their father, and Albert J. W., Charles S., Paul H., Sidney S. and Alice E. Appell, all of whom are brothers and sisters of the complainants below. After the original bill was filed, the complainants below, Edward T. and Mazie C. Appell, sold and conveyed all of their undivided interest in the premises involved to Marcia E. Stafford, who was thereafter made a party complainant. Marcia E. Stafford filed a supplemental bill, alleging her purchase from Edward T. and Mazie C. Appell, and reciting the same facts and praying the same relief as the original bill filed by her grantors. Louis Appell filed an answer, in which he denied the right of his children to a partition. He also filed a cross-bill, in which he sought to have a deed executed by him to Albert J. W. Appell set aside and canceled on the ground that the execution of said deed had been procured by fraud and duress. This cross-bill was answered and all of its essential averments denied. Albert J. W. Appell, after having answered the original bill, filed a cross-bill, in which he alleged that he was the owner of the premises in question as trustee for the benefit of himself and his brothers and sisters, and that the terms and conditions of the trust agreement were as contained in a certain written instrument purporting to be a declaration of trust. The prayer of this cross-bill was that the trust agreement be declared and that Albert J. W. Appell be authorized and directed to carry out the provisions of such trust agreement. The court below found in favor of the complainants in the original bill and against the complainants in the above cross-bills. The decree finds that Marcia E. Stafford is the owner of two-sevenths of the premises and that the five children of Louis Appell who have not conveyed own one-seventh each; that the legal

title to the premises was vested in Albert J. W. Appell for the use of the other parties in interest. The decree directed Albert J. W. Appell, as trustee, to execute a conveyance conveying two-sevenths to Marcia E. Stafford and one-seventh each to Charles S., Paul H., Sidney S. and Alice E. Appell, thus vesting the legal title to one-seventh undivided part in each of the children of Louis Appell other than Edward T. and Mazie C., who had conveyed their interests. The decree finds that the parties are entitled to partition, and appoints commissioners for the purpose of making such partition. From this decree all of the parties in interest except the original and supplemental complainants sue out this writ of error.

The facts necessary to an understanding of the questions involved in this record are as follows: Louis Appell resides in Chicago. He had been married twice. His first wife died in 1898, leaving a last will. By her will she bequeathed $4000 to Louis Appell, her husband, during his natural life, and at his death the $4000 was to pass to the seven children named above. Soon after his first wife's death Louis Appell purchased a farm of one hundred and sixty acres in Lake county, Illinois, for which he paid $12,000. He erected a dwelling house on the farm at a cost of $3000. This farm is the land involved in this suit. He leased the farm from year to year until March 1, 1906, when the last lease expired. In the spring of 1906 he decided to establish a home on the farm for all of his children and for himself when he decided to go there. The plan of establishing a country home for the family was discussed and agreed to by all of the children. No definite contract appears to have been made at this time in regard to the details of the management of the farm. Louis Appell purchased farm implements, live stock and household goods and sent them to the farm at a cost of about $1500. The children of Louis Appell went to the farm, the sons to work the farm and the daughters to keep house for them.

In a very short time disagreements and trouble arose at the farm. These difficulties continued, until finally, on the 27th day of May, Louis Appell went out to the farm and had a talk with his children with a view of trying to adjust the difficulties, but this interview broke up in a disgraceful fight and nothing definite came of it. On the 29th of May another difficulty occurred at the farm, which resulted in Edward T. being arrested for assault. On the 30th of May Edward T. was brought to Libertyville under arrest and another meeting occurred at the house of Durand, a lawyer, who was being consulted by Edward T. with reference to the criminal charge against him. At this meeting a tentative agreement was reached, by which Louis Appell agreed to convey the legal title to the farm to his son Albert J. W. Appell, who was to hold the title for the use and benefit of all the children. The children agreed that they would sign a release to their father, assigning to him their interest in the $4000 legacy left them in remainder by their mother's will. An instrument for the purpose of making this assignment was executed by all of the children except Alice E., who was at that time, and still is, a minor under the age of eighteen years. In accordance with this arrangement Louis Appell and his wife executed a warranty deed conveying the premises to Albert J. W. Appell and delivered the same to him. There is no trust agreement, limitation or condition of any kind in this deed. After the deed was delivered to Albert J. W. Appell he executed a writing which is denominated a declaration of trust, in which he recites that he had received the title to these premises in trust for the equal benefit of himself and his brothers and sisters. The so-called declaration of trust sets out various provisions in relation to the management of the farm and imposes a number of active duties on the trustee. Among other things it is provided that he shall execute a mortgage for $3000 on the premises, and the declaration recites what disposition is to be made of the money.

The writing also purports to authorize the trustee to execute a trust deed back to Louis Appell for $1500, to reimburse him for the personal property which he bought for the farm. This so-called declaration of trust was executed by Albert J. W. Appell and was consented to by Charles S. and Paul H. Appell in writing. There is some proof found in admissions in the pleadings and the testimony taken on the hearing tending to show that some of the other parties interested assented to all of the terms of this declaration, and testimony that all of them consented to that provision of the trust agreement relating to the $1500 trust deed to Louis Appell. On the same day that Louis Appell executed the deed conveying the real estate to his son he executed a bill of sale of all the personal property on the farm to Albert J. W. for an expressed consideration of $1500, no part of which was paid.

WILLIAM E. MASON, LEWIS F. MASON, and JOHN N. JACOBSEN, for plaintiffs in error.

PAUL MACGUFFIN, (J. D. POPE, guardian *ad litem*,) for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The decree of the court below finding that Albert J. W. Appell held the title to the premises in question in trust for himself and his brothers and sisters is not seriously controverted by any of the parties to this suit. No other conclusion can be reached when all of the evidence and circumstances is considered. The decree below setting aside the so-called trust agreement executed by Albert J. W. Appell is also in accordance with the weight of the evidence. While two of the parties signified their assent to the terms of the trust as expressed in the written instrument, yet there is nothing to indicate that they intended such agreement to be binding upon them unless all of the parties in

interest assented to the agreement. We think that the assent of Charles S. and Paul H. Appell to the trust agreement was obtained upon the condition that all of the other tenants in common should assent to such agreement. The other tenants in common having refused to assent to such agreement, it would be inequitable to hold these two parties bound by the terms of the trust that did not apply and could not be enforced as against the other parties in interest. In fact, the language of the so-called trust agreement shows on its face that it was intended to cover the entire interest in the premises, and it would be impracticable to carry it into effect unless assented to by all of the parties in interest. We therefore conclude that the decree setting aside the declaration of trust was properly entered.

Upon the issue presented by Louis Appell's cross-bill in relation to his deed being procured by fraud and duress, the finding of the court below is clearly in accordance with the undisputed evidence in the case. There is no testimony which tends to show that the execution of the deed was procured through duress or fraud. It is very probable that Louis Appell was sadly disappointed at the miscarriage of his plans to establish a country home for himself and his children, but this affords no reason for rescinding a deed which was voluntarily and freely executed by him.

Upon the question whether Louis Appell should have a lien for $1500 upon the farm we are constrained to differ from the view of the trial court. The evidence shows that Louis Appell had $15,000 invested in this farm and its improvements. In addition to this he spent $1500 for personal property that went upon the farm. He conveyed the farm and gave a bill of sale for the personal property to his children, and the only consideration that he received under the decree of the court below was the release by the children of their remainder in the $4000 legacy. The evidence shows that Louis Appell only received $3500 of the $4000 legacy. Plaintiffs in error contend that it was the

agreement that Louis Appell was to have $1500 in addition, and that the payment of this $1500 was to be secured by a mortgage or lien upon the one hundred and sixty acres of land. All of the children except Edward T. and Mazie C. admit, either in their testimony or in their pleadings, that their father was to have $1500 additional and that it was to be secured to him by a lien upon this farm. Neither Edward T. nor Mazie C. Appell was a witness in the case. There is therefore no denial by any one in the record of the claim of Louis Appell for $1500. It is testified to by Paul H. that the first talk was that their father should have $2000 in addition to the release of the legacy, but that Edward T. objected to $2000 but consented to $1500, and that it was finally agreed to by all of them that $1500 should be the amount. Charles S. Appell testifies to substantially the same facts in relation to this matter as Paul H. He says that a part of the children wanted to give their father $2000 but that Edward T. objected but finally consented to $1500, both Edward T. and Mazie C. being present and consenting to the agreement as to the $1500. He also testifies that it was agreed that their father should have a mortgage or something to secure him for this money. He testifies that each one of the children individually expressed himself as satisfied with this arrangement. This evidence is corroborated by Louis Appell and is disputed by no one. Under this state of facts the court erred in ordering a partition of this land among the children without impressing upon it a lien in favor of Louis Appell for $1500. For this error the decree of the circuit court must be reversed.

The evidence shows that Alice E. Appell is a minor. As near as we can determine her age, she will be eighteen some time during the present year. The conveyance of the farm by Louis Appell to Albert J. W. for her use, and the agreement to release her interest in the legacy, as well as all other agreements affecting her interest, are voidable at her election when she arrives at the age of eighteen. She

may elect to repudiate the conveyance and insist upon her interest in the legacy. If she should so elect, the court would be compelled to restore her to her original rights. It is obvious that her best interest will be conserved by ratifying all of these contracts and proceedings after she arrives at her majority. She was brought into court by the writ of error in this case and a guardian *ad litem* appointed for her in open court upon the oral argument. Her guardian *ad litem* has joined in the brief filed by defendants in error. While the court has jurisdiction of her person for the purpose of a partition, yet the court has no power to compel her to exchange a legacy for real estate.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to stay all further proceedings in this cause until Alice E. Appell becomes eighteen years of age. If upon her attaining the age of eighteen she shall file a ratification of the agreement between Louis Appell and his children as found and established by this opinion and shall execute the release and assignment of the legacy to her father, then the circuit court is directed to enter a decree for partition, awarding to Marcia E. Stafford two-sevenths and to Albert J. W., Charles S., Paul H., Sidney S. and Alice E. Appell one-seventh each, subject to a lien in favor of Louis Appell for $1500, with interest, and subject to the existing mortgage on the said premises for $2000 in favor of Henry Van-Horn. Should Alice E. elect to disaffirm the agreement, the contract will be rescinded as to her and she will be restored to all of her original rights. In such case she will retain her one-seventh of the legacy and Louis Appell will become the owner in fee of one-seventh of the real estate. Louis Appell should then be decreed a lien for $1500, with five per cent interest from April 1, 1906, on the other six-sevenths of the land. The costs in this court will be taxed against the interest of Marcia E. Stafford.

*Reversed and remanded, with directions.*